UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDY STANSBERRY,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 4:18-cv-01563-KAW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 18

On June 29, 2019, Defendant United States of America ("Defendant") filed a Motion to Dismiss Plaintiff's Complaint. (Def.'s Mot., Dkt. No. 18.) On July 27, 2018, Plaintiff Randy Stansberry ("Plaintiff") opposed. (Pl.'s Opp'n, Dkt. No. 24.) On August 10, 2018, Defendant replied. (Def.'s Reply, Dkt. No. 26.)

The Court finds this matter suitable for resolution without hearing pursuant to Civil Local Rule 7-1 (b), and hereby vacates the hearing initially set for September 20, 2018. For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

## I. BACKGROUND

Plaintiff is an elderly, disabled woman who was receiving Title XVI supplemental security income benefits when on February 2, 2013 and March 8, 2013, the Social Security Administration ("SSA") issued notices informing her that she was overpaid benefits in the amount of $19,233.80 for the period from January 2011 through March 2013. (Compl., Dkt. No. 1 ¶ 10; Ex. A, Dkt. No. 28 at 6.) On March 18, 2013, Plaintiff requested waiver of the overpayment, stating that she was not at fault in causing the overpayment and could not afford to pay. (Ex. A at 6.) On May 21, 2013, her request for waiver was denied. (*Id.*) Plaintiff filed a request for reconsideration on August 1, 2013. (*Id.*) On February 6, 2014, the Administration decreased the amount of the overpayment by $2,732.07. (*Id.*) On March 11, 2013, Plaintiff filed a written request for a hearing

with an Administrative Law Judge ("ALJ"). (*Id.*) ALJ Michael Blume held a hearing on May 19, 2015 in Oakland, California. (*Id.*) On August 6, 2015, ALJ Blume rendered a partially favorable decision finding that Plaintiff was overpaid benefits in the amount of $19,349.96 during January 1, 2011 to March 1, 2013, that Plaintiff was at fault in causing a portion of the overpayment for the amount of $13,902.52, that Plaintiff was not at fault in causing a portion of the overpayment for the amount of $5,447.44, that recovery of the overpayment would be against equity and good conscience for a portion of the overpayment and recovery of the overpayment was not waived, and Plaintiff is liable for repayment of a portion of the overpayment, $13,390.52, but is not liable for repayment of $5,447.44 during the period of January 2011 to March 2013. (*Id.* at 8-9.)

ALJ Blume also mentioned in his opinion that:

> As previously noted, the Administration has failed woefully in its legal requirement to provide adequate and proper accounting of the overpayment amount and the basis for this calculation. The myriad of confusing and even conflicting notices are well documented in the record. Further exacerbating the situation, the Administration has failed to adequately resolve these deficiencies notwithstanding the many attempts of the claimant and her representative. In fact, the record indicates the Administration had alleged absurdly that the claimant owned real property in Simi Valley, CA based on the fact that Texas was sending tax bills to a Simi Valley property for a Texas property the claimant jointly owned. Apparently, the claimant was living at the Simi Valley property owned by her brother. As a result of the Administration's mistaken assumption, her payments were ceased and she lost her home to foreclosure.

(*Id.*) Plaintiff's Complaint alleges that as a direct result of the Administration's negligence in the handling of Ms. Stansberry's overpayment issue, Ms. Stansberry's home was lost to foreclosure proceedings, as her main source of income was from social security income, and as a direct result of losing her home to foreclosure, Ms. Stansberry has been homeless. (Compl. ¶ 13) Plaintiff's Complaint also alleges that as a direct result of the Administration's negligence, Ms. Stansberry has suffered extreme emotional distress and continues to suffer emotional distress from the loss of her home and the use of many of her personal possessions. (*Id.*)

Plaintiff has not timely appealed the ALJ's decision, because well over 60 days have expired since August 6, 2015, the date of the ALJ's decision. (Def.'s Mot. at 3; Ex. A at 3.) Instead, Plaintiff filed this instant action on March 12, 2018, where she sued the United States of

America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 and 28 U.S.C. § 1346(b)(1), alleging negligence in connection with Ms. Stansberry's application for appeal and waiver of overpayment of benefits. (Compl. ¶ 1-3, 15-18.) Defendant's Motion to Dismiss Plaintiff's Complaint followed. (Def.'s Mot.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss based on a lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A complaint must contain a short and plain statement of the ground for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkoken v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1) jurisdictional attack can be either factual or facial. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet,* 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007). The court may also dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

Generally, if the court grants a motion to dismiss and dismisses a complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Moreover, dismissal with prejudice is proper only if amendment is futile or if the "complaint could not be saved by any amendment." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

### C. Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "As a sovereign, the United States is immune from suit unless it waives such immunity." *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015). "Similarly, suits against officials of the United States...in their official capacity are barred if there has been no waiver." *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001). This is the doctrine of sovereign immunity.

As the Ninth Circuit has explained: "Before we may exercise jurisdiction over any suit against the government, we must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Jachetta*, 653 F.3d at 903 (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). Furthermore, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)) (internal quotations omitted; alteration in original)). Absent a waiver, "a court does not have authority to award relief against the United States or a federal agency." *Isaacs v. United States*, No. 13-cv-01394-WHO, 2013 WL 4067597, at *1 (N.D. Cal. Aug. 1, 2013). "As the party asserting a claim

against the United States, [the plaintiff] has the burden of 'demonstrating unequivocal waiver of immunity.'" *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)). Waivers must be "unequivocally expressed in the statutory text" and "are to be strictly construed, in terms of its scope, in favor of the sovereign." *Jordan v. The Presidio Trust,* 4:16-cv-02122-KAW, 2017 WL 396169, at *3 (N.D. Cal. Jan. 30, 2017) (quoting *Dep't of the Army v. Blue Fox*, 525 U.S. 255, 261 (1999)). The party seeking the waiver must also meet this "high standard" in order to obtain it. *Id.* (quoting *Hajro v. U.S. Citizenship and Immigration Servs.*, 811 F.3d 1086, 1101 (9th Cir. 2016)).

### D. Judicial Review of Decisions Under the Social Security Act

"The Social Security Act contains a limited waiver of sovereign immunity." *Bulletti v. Astrue*, Nos. C11-5368 MEJ, 12-682 MEJ, 2012 WL 4120536, at *4 (N.D. Cal. Sept. 19, 2012) (citing 42 U.S.C. § 405(g), (h)) (emphasis added). 42 U.S.C. § 405(g) ("Section 405(g)") provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(g) thus "limits judicial review to...a 'final decision' of the Secretary made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Under the relevant regulations, a claimant obtains a final decision only after completing the four steps of the administrative review process: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the Appeals Council. *Lopez v. Gumushyan*, No. 16-CV-07236-LB, 2017 WL 2118313, at *3 (N.D. Cal. May 16, 2017) (citing *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) ("A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies."); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993)). Before appealing to district court, a "plaintiff must exhaust all administrative remedies by seeking a reconsideration decision, then an ALJ decision after a hearing, and then a final review by the Appeals Council." *Lopez*, 2017 WL 2118313, at *3 (citing 20 C.F.R. 404.900(a)(1)-(5)).

1    Furthermore, 42 U.S.C. § 405(h) limits federal-court jurisdiction to claims brought through

2    the above 42 U.S.C. § 405(g) framework, and provides:

3        The findings and decision of the Commissioner of Social Security
         after a hearing shall be binding upon all individuals who were
4        parties to such hearing. No findings of fact or decision of the
         Commissioner of Social Security shall be reviewed by any person,
5        tribunal, or governmental agency except as herein provided. No
         action against the United States, the Commissioner of Social
6        Security, or any other officer or employee thereof shall be brought
         under section 1331 or 1346 of title 28 to recover on any claim
7        arising under this subchapter.

8    42 U.S.C. § 405(h). The U.S. Supreme Court has broadly interpreted the last sentence of 42 U.S.C.

9    § 405(h), or: "No action against the United States, the Commissioner of Social Security, or any

10   other officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover

11   on any claim arising under this subchapter." *See Hooker v. United States Dep't of Health and*

12   *Human Servs.*, 858 F.2d 525, 529 (1988) (citing *Weinberger v. Salfi*, 422 U.S. 749, 760-61

13   (1975)). In doing so, the U.S. Supreme Court has held that the phrase "arising under" the Act

14   includes "a claim in which 'both standing and the substantive basis for the presentation' of the

15   claim is the Social Security Act." *Hooker,* 858 F.2d at 529 (citing *Weinberger*, 422 U.S. at 760-

16   61); *see also Marin v. HEW, Health Care Financing*, 769 F.2d 590, 592 (9th Cir. 1985)

17   ("Congress envisioned just this type of [social security] claim and provided an administrative

18   remedy for it" under section 405(h) and any tort cause of action that a party would pursue is

19   "anticipated by the statute" of section 405(h) as well). Section 405(h) thus bars for example,

20   constitutional challenges to the Social Security Act's requirements (*see Weinberger*, 422 U.S. at

21   760-61), FTCA-based tort claims for wrongful disability determinations (*see Hooker,* 858 F.2d at

22   529-30) and *Bivens*-based due-process claims for the wrongful termination of benefits (*see*

23   *Schweiker v. Chilicky*, 487 U.S. 412, 413, 329 (1988)). *Lopez*, 2017 WL 2118313, at *4.

24   In a "typical" Social Security benefits case – "where an individual seeks a monetary benefit

25   from the agency, ... the agency denies the benefit, and the individual challenges the lawfulness of

26   that denial" – 42 U.S.C. § 405(h) "plainly bars § 1331 review ... irrespective of whether the

27   individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or

28   other legal grounds." *Id.* (quoting *Shalala,* 529 U.S. at 10.)

**E.  The Federal Tort Claims Act (28 U.S.C. §§ 2671-2680) & 20 C.F.R. § 429.101**

28 U.S.C. § 2675(a) of the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680) provides:

> (a) An action ***shall not be instituted*** upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, ***unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*** The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a) (emphasis added). Therefore, it is clear that in order to bring an action in federal court under the Federal Tort Claims Act, a party must first present the claim to the appropriate federal agency (here the SSA) in writing and send it by certified or registered mail. The failure of an agency to make a final disposition of that claim within six months after it filed shall be deemed a final denial of the claim for purposes of the Federal Tort Claims Act, thereby enabling the filing of an action in federal court. Moreover, 20 C.F.R. § 429.101(a) provides:

> (a) This subpart applies only to claims filed ***under the Federal Tort Claims Act, as amended, 28 U.S.C. 2671- 2680 (FTCA)***, for money damages against the United States for damage to or loss of property or personal injury or death that is caused by the negligent or wrongful act or omission of an employee of the Social Security Administration (SSA). The loss, damage, injury or death must be caused by the employee in the performance of his or her official duties, under circumstances in which the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. This subpart does not apply to any tort claims excluded from the FTCA under 28 U.S.C. 2680.[1]

20 C.F.R. § 429.101(a) (emphasis added).

---

[1] 28 U.S.C. § 2680(a) provides:
The provisions of this chapter and section 1346(b) of this title shall not apply to—
(a) Any claim based upon an act or omission of an employee of the Government, ***exercising due care, in the execution of a statute or regulation***, whether or not such statute or regulation be valid, or ***based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government***, whether or not the discretion involved be abused.

### III.    DISCUSSION

Defendant argues in its Motion to Dismiss that there is no jurisdiction over Plaintiff's case because Congress has not waived the government's sovereign immunity for a tort claim against the SSA based on the way it handled Plaintiff's benefits. (Def.'s Mot. at 2-4.) Defendant further asserts that Congress created a specific administrative mechanism for handling any judicial review of SSA final decisions in 42 U.S.C. §§ 405(g) and 405(h), and because Plaintiff has not exhausted all of her administrative remedies by not appealing the ALJ's decision, she is barred from bringing a tort claim against the United States or the SSA due to sovereign immunity. (*Id.* at 4-7.) In response, Plaintiff argues that she does not seek judicial review of any decision rendered by the SSA and instead seeks damages for personal injury and loss of property caused by the government's negligent handling of her Social Security Benefits. (Pl.'s Opp'n at 1.) Plaintiff also asserts that they brought this action against the United States under the Federal Tort Claims Act ("FTCA"), and 28 U.S.C. section 1346(b)(1), for the gross negligence in the SSA's handling of Plaintiff's appeal and waiver of overpayment benefits. (*Id.*)

Accordingly, the Court will first analyze whether Plaintiff properly brought her complaint under the FTCA. Second, the Court will assess whether the government waived its immunity against Plaintiff's negligence tort claim and also whether Plaintiff is limited to only pursuing administrative remedies with the SSA under 42 U.S.C. § 405(g) and 405(h) because her tort claim "arises under" the Social Security Act.

### A.    Whether Plaintiff Properly Brought an Action Under the FTCA

Here, Plaintiff's Complaint states that "[t]his is an action against the Defendant United States of America under the Federal Tort Claim Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence in connection with Ms. Stansberry's application for appeal and waiver of overpayment of benefits. (Compl. ¶ 1.) Plaintiff also argues that Congress has waived the government's sovereign immunity because California's substantive tort law provides a right of action against a private person for negligence and that liability can be asserted against the United States when an SSA employee is negligent when performing official duties under the FTCA, 28 U.S.C. § 1346(b)(1) and 20 C.F.R. §429.101(a). (Pl.'s Opp'n at 2, 6.) The Court disagrees.

8

"One of the main purposes of the FTCA is to establish consistency between the liability incurred by individuals and by the government for the commission of tortious acts. Hence, the government can be sued 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Faber v. United States*, 56 F.3d 1122, 1124 (9th Cir. 1995) (citing 28 U.S.C. § 1346(b)). In other words, the "broad and just purpose" of the FTCA is "to compensate the victims of negligence in the conduct of governmental activities in circumstances like…those in which a private person would be liable and not to leave just treatment to the caprice and legislative burden of individual private laws." *Bailey v. United States*, 623 F.3d 855, 868 (9th Cir. 2010) (citing *Indian Towing Co. v. United States*, 350 U.S. 61, 68-69 (1955); 28 U.S.C. § 1346(b)(1)). "It would be wrong to apply the discretionary function exception in a case where ... [the government's] judgment would be no different than a judgment made by a private individual not to take certain measures to ensure the safety" of others. *Faber*, 56 F.3d at 1125; *see also Bailey,* 623 F.3d at 868 ("A private landowner in the Corps' position would have had to consider the exact same factors the Corps did when deciding to delay replacing the warning signs. This is exactly the kind of scenario that Congress intended to be covered by the FTCA."); *Dalehite v. United States*, 346 U.S. 15, 28 (1953) ("Uppermost in the collective mind of Congress were the ordinary common-law torts."). The Supreme Court also noted that the purpose of the FTCA was to "waive immunity from recognized causes of action, not to visit the government with novel and unprecedented liabilities." *Feres v. United States*, 340 U.S. 135, 142 (1950).

Here, Plaintiff alleges that the SSA committed tortious negligence in the handling of overpayment of benefits (Pl.'s Opp'n at 6-7), which is not an ordinary common-law tort but instead a task strictly associated with the daily operation of the SSA. Moreover, although the FTCA, 28 U.S.C. § 1346(b)(1) and 20 C.F.R. §429.101(a) may hold federal employees liable for torts committed while those employees are acting within the scope of their office or employment or performing official duties, the FTCA actually has an "exception" provision that is also noted in 20 C.F.R. §429.101(a) as: "This subpart does not apply to any tort claims excluded from the FTCA under 28 U.S.C. § 2680."

The first provision of 26 U.S.C. § 2680, 26 U.S.C. § 2680(a) provides that: "The provisions of this chapter and section 1346(b) of this title shall not apply to— (a) Any claim based upon an act or omission of an employee of the Government, ***exercising due care, in the execution of a statute or regulation***, whether or not such statute or regulation be valid, or based upon the exercise or performance or ***the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government***, whether or not the discretion involved be abused." Arguably, in assessing, processing, handling and dealing with the Plaintiff's overpayment of benefits that lies at the core of her tortious negligence claim, the SSA or the SSA employee working on Plaintiff's case exercised due care in the execution of various statutes or regulations, or failed to exercise or perform a discretionary function or duty on the part of the SSA. *See* (Ex. A at 6-9) (citing statutes and regulations pertaining to overpayment such as Section 1631(b)(1)(B) of the Social Security Act (42 U.S.C. § 1983(b)(1)(B)), 20 CFR §§ 404.508(a), 416.535, 416.537(a), 416.550, 416.551, 416.552, 416.553, 416.554, 416.555, 416.560, 416.570). Thus, Plaintiff's tortious negligence claim would be barred under the FTCA (26 U.S.C. § 2680) and 20 C.F.R. §429.101(a) for at least this reason.

Moreover, Plaintiff does not appear to have complied completely with all the provisions of the FTCA, in particular 28 U.S.C. § 2675(a), which requires that, under the FTCA, a federal court action against the United States (on behalf of a federal agency such as the SSA) "***shall not*** be instituted" unless "the claimant ***shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail***." 28 U.S.C. § 2675(a) (emphasis added). Here, Plaintiff has not alleged in her Complaint or elsewhere that she presented her tort claim of negligence to the SSA first before filing suit, nor is there any evidence that the negligence claim was finally denied by the SSA in writing and sent by certified or registered mail. (*Id.*) Title 28 U.S.C. § 2675(a) also provides that: "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Plaintiff has not alleged the above either. Thus, Plaintiff's FTCA claim is improper and must be dismissed.

### B.     Whether The Government Waived Its Sovereign Immunity

Defendant argues that the government has not waived sovereign immunity here (Def.'s Mot. at 4-5) since there is a specific and limited waiver of sovereign immunity in 42 U.S.C. §§ 405(g) and 405(h) allowing judicial review of SSA decisions (*Id.* at 5-6) and because Plaintiff's negligence claim "arises under" the Social Security Act due to it exclusively involving the administration of overpayment of benefits, there is no jurisdiction in this case (*Id.* at 6-9). Defendant also asserts that in some situations, such as an auto accident involving an SSA worker acting in the scope of her employment, a tort claim against the United States and the SSA under the FTCA may be appropriate but Congress has made clear that a plaintiff cannot seek relief from the SSA's handling of her benefits by bringing a tort claim due to Congress prescribing a different remedy (and mechanism to administer those remedies) for that situation via the Social Security Act. (*Id.* at 8.) In response, Plaintiff argues that she does not seek judicial review of the ALJ's decision, as such 42 U.S.C. §§ 405(g) and 405(h) are inapplicable (Pl.'s Opp'n at 4-5), that Defendant has not and cannot cite to any authority that precludes Plaintiff's claim for negligence (*Id.* at 5-6), that this Court has jurisdiction over Plaintiff's claim of negligence (*Id.* at 6-8), that negligence claims are permitted against the United States outside of auto accidents (*Id.* at 8), and that Congress and the SSA have waived the government's sovereign immunity regarding Plaintiff's claim for negligence (*Id.* at 8-9).

The Court finds Plaintiff's arguments unavailing. First, the Court lacks subject matter jurisdiction over Plaintiff's tort claim because it was improperly brought under the FTCA. (Pl.'s Opp'n at 6-7.) Second, although Plaintiff cites the case of *MB Financial Group, Inc. v. United States Postal Service,* 545 F.3d 814, 815 (9th Cir. 2008), she fails to note that the FTCA claim was properly pled in that case (e.g., alleging the filing of a claim to the U.S. Postal Service ("USPS") first and having the USPS respond before filing suit). The negligence complained of in that case also did not fall under one of the exceptions outlined in 26 U.S.C. § 2680 (e.g. negligent denial of use of a post office box is not the same as "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" which is exempted by 26 U.S.C. § 2680(b)), whereas here, the SSA's handling arguably falls under the exemption specified in 26 U.S.C. §

2680(a). *Id.* Moreover, unlike the SSA with its procedures outlined in 42 U.S.C. §§ 405(g) and 405(h), the USPS does not have a similar administrative mechanism to handle claims for benefits. Third, Congress and the SSA have not waived the government's sovereign immunity for Plaintiff's claim for negligence because the only limited waiver of sovereign immunity lies within 42 U.S.C. §§ 405(g) and 405(h), where parties can seek judicial review of SSA decisions from ALJs.

Furthermore, although Plaintiff argues that she does not seek judicial review of the ALJ's decision, and is instead seeking tort damages under the FTCA for the SSA's grossly negligent handling of her overpayments, her FTCA claim is deficient and should be dismissed, as described above. Even assuming the valid compliance of her FTCA claim, Plaintiff is still barred from suing the federal government due to the doctrine of sovereign immunity. Hence, the only avenue available to her is seeking judicial review of an SSA decision via 42 U.S.C. §§ 405(g) and 405(h). Here, Plaintiff simply did not exhaust her administrative remedies because she never appealed the ALJ's decision. (Def.'s Mot. at 3.) Plaintiff also no longer has the opportunity to appeal the ALJ's decision because a written appeal must be filed within 60 days of the date that she received the notice of the ALJ's decision, August 6, 2015, and it is clear that much more than 60 days have passed since that date. (Ex. A at 3.) Nonetheless, the notice of decision states that the Appeals Council will dismiss a late request "unless you show you had a good reason for not filing it on time," so Plaintiff technically may still be able to appeal the ALJ's decision if she provides a good enough reason for filing it at such a late period. As a result, Plaintiff's failure to timely appeal the ALJ's decision in order to exhaust all her administrative remedies does not somehow permit her to file a negligence tort claim against the U.S. government under the FTCA.

Plaintiff's negligence tort claim is barred by the doctrine of sovereign immunity, because the only option available to her – where sovereign immunity has been waived in a limited circumstance – is seeking judicial review of a final SSA decision under 42 U.S.C. §§ 405(g) and 405(h). The last sentence of 42 U.S.C. § 405(h) also bears reiteration because it states that: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim ***arising under*** this subchapter." 42 U.S.C. § 405(h) (emphasis added).

The Court finds that the administration and handling, however negligent, of Plaintiff's overpayment of benefits undeniably "arises under" the Social Security Act because it deals exclusively with the daily operations, legal procedures and protocol of the SSA for handling overpayments. *See Weinberger*, 422 U.S. at 760-61 (The phrase "arising under" includes a claim in which "both standing and the substantive basis for the presentation" of the claim is the Social Security Act).

The Court also disagrees with Plaintiff's characterization of the cases cited by Defendant because contrary to Plaintiff's assertions, all of those cases involved a plaintiff attempting to allege claims clearly "arising under" the Social Security Act but just under the guise of tortious, constitutional or non-SSA claim clothing. (Pl.'s Opp'n at 5-6.) In fact, various cases in the Ninth Circuit and from this Court have dismissed claims deceptively pled as tort or non-SSA claims because they still undoubtedly arose under the Social Security Act. *See Hooker*, 858 F.2d at 528-29 (the Ninth Circuit holding that section 405(h) barred plaintiffs' state law tort claim under the FTCA for negligent termination of disability benefits because that claim was "arising under" the Social Security Act); *Marin,* 769 F.2d at 592 (the Ninth Circuit finding that section 405(h) barred a FTCA tort claim alleging the SSA's negligent failure to process cost reports because that cause of action was "anticipated by the statute" of section 405(h)); *Lopez*, 2017 WL 2118313, at *1, *4 (Because "there is no 'final decision' under § 405(g), and because [plaintiff]'s [tort- and constitutional-based claims for the SSA's improper disability determination and related conduct such as tampering with the information in his file, which led to his identity being stolen,] 'arise under' the Social Security Act, his claims fall outside the government's limited waiver of sovereign immunity in this context."). More directly on point, a case from this Court dismissed a tort claim pled against the SSA for negligently handling the overpayment of benefits. *See Walker v. Colvin,* No. 13-5037-BLF, 2014 WL 5462425, at *6 (N.D. Cal. Oct. 26, 2014) ("Plaintiff appears to contend that the SSA was negligent in overpaying benefits and in recovering the overpaid benefits...To the extent Plaintiff seeks tort damages for those alleged injuries, the Court agrees with Defendant that [*Schweiker*, 487 U.S. at 412, 414, 429 (holding that § 405(h) barred *Bivens*-based due-process claims for the wrongful termination of benefits)] forecloses such damages.").

1    The Court is in accord with the above precedent and therefore finds that because Plaintiff's

2  negligence tort claim arising from the SSA's handling of the administration and recovery of her

3  overpayment of benefits clearly "arises under" the Social Security Act, and because Plaintiff has

4  not effectuated a "final decision" under § 405(g) by timely appealing the ALJ's decision, Plaintiff's

5  Complaint falls outside of the government's limited waiver of sovereign immunity and, hence,

6  must be dismissed for lack of subject matter jurisdiction.

7    Therefore, Defendant's Motion to Dismiss is GRANTED with prejudice, and without leave

8  to amend, because it does not appear that Plaintiff's Complaint can be cured by the allegation of

9  other facts or with any other amendment.

10    IT IS SO ORDERED.

11  Dated: October 29, 2018

12  _____
    KANDIS A. WESTMORE
13  United States Magistrate Judge